UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRACY JAY, a resident of the State of Maryland, and CALEB COOPER, a resident of the State of Indiana, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a corporation organized under the laws of the State of Washington,<br><br>Defendant. | Case No. 26-cv-2892<br><br>NOTICE OF REMOVAL<br>(King County Superior Court Case No. 26-2-22333-5 SEA) |

TO: Clerk, United States District Court for the Western District of Washington

AND TO: TRACY JAY and CALEB COOPER, and their Attorneys of Record

Defendant Costco Wholesale Corporation ("Costco") hereby gives notice that it is removing the above-captioned case, originally filed in the Superior Court of the State of Washington for King County, Case No. 26-2-22333-5, to the United States District Court for the Western District of Washington. Costco removes the case pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the grounds set forth below.

1. On July 15, 2026, Plaintiffs Tracy Jay and Caleb Cooper, acting individually and on behalf of a purported class of persons they seek to represent, served the Complaint and



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Summons on Costco's authorized agent, Davis Wright Tremaine LLP. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint served on Costco through its counsel is attached as Exhibit A. The documents that comprise Exhibit A constitute all process, pleadings, and orders served upon Costco. *See* 28 U.S.C. § 1446(a). Pursuant to LCR 101(b), the Complaint is separately attached as Exhibit B.

2. Removal of this action is therefore timely because Costco filed this Notice of Removal within 30 days after the service of the Summons and Complaint. *See* 28 U.S.C. § 1446(a); Fed. R. Civ. P. 6(a).

3. Costco removes this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. § 1453, on the basis that (a) this action is a proposed "class action" as defined in 28 U.S.C. § 1332(d)(1)(B); (b) members of the proposed class are citizens of a state different than Costco; (c) the number of members of the proposed class exceeds 100; and (d) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

**<u>Proposed Class Action</u>**

4. Plaintiffs bring this case as a proposed class action, Compl. ¶¶ 57–66 (Ex. B), and seek certification of the putative class under Washington Superior Court Civil Rule ("CR") 23 (*id.* ¶ 57). Washington courts have long held that CR 23 and its federal counterpart are "substantially similar." *See, e.g., Summers v. Sea Mar Cmty. Health Ctrs.*, 29 Wn. App. 2d 476, 488 (2024). Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."

**<u>Minimal Diversity</u>**

5. Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." Such minimal diversity exists here.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

6. As alleged in the Complaint, Plaintiffs are residents of Maryland and Indiana. Compl. ¶¶ 12–13. Plaintiffs seek to represent a Nationwide Class that comprises the following: "All residents of the United States, excluding residents of Washington, to whom Costco sent, within four years before the date of the filing of this complaint until the date of trial, an email with a subject line that states or implies that a particular promotion will end at a specified time, when the promotion continues beyond the specified end time." *Id.* ¶¶ 57, 59. In addition, Plaintiff Jay seeks to represent a Maryland Subclass consisting of all Maryland residents who received such an email during the three years preceding the filing of the Complaint. *Id.* Plaintiff Cooper likewise seeks to represent an Indiana Subclass consisting of all Indiana residents who received the same during the two years preceding the filing of the Complaint. *Id.*

7. Costco is duly incorporated in the State of Washington with its principal place of business also in Washington. *Id.* ¶ 15. Therefore, Costco is a citizen of the State of Washington for purposes of diversity of citizenship. *See Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 773 (9th Cir. 1992) (corporations are citizens of both their place of incorporation and principal place of business). No other defendants are named in this action. Accordingly, complete diversity exists between (i) Plaintiffs, who are Maryland and Indiana citizens, and the putative classes they seek to represent,[1] and (ii) Costco, thereby satisfying the requirement of minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

**<u>The Putative Class Numbers Not Less than 100</u>**

8. The number of members of the class and subclasses that Plaintiffs propose exceed 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B). Plaintiffs allege that "[t]he Nationwide Class, the Maryland Subclass, and the Indiana Subclass each consist, at a minimum, of thousands of consumers." Compl. ¶ 61.

[1] The Nationwide Class excludes Washington residents. Compl. ¶ 57.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**<u>The Amount in Controversy Is Over $5,000,000</u>**

9. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). This is an "action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).

10. "In measuring the amount in controversy, a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *see also Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (same). "[T]he amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (cleaned up) (emphasis in original).

11. Where, as here, a complaint fails to state an amount in controversy, "the defendant's notice of removal may do so," and the defendant need only submit a short and plain statement that "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). That statement "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. If "the defendant's assertion of the amount in controversy is challenged by Plaintiff in a motion to remand, the Supreme Court has said that both sides submit proof and the court then decides where the preponderance lies." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015).

12. Here, Plaintiffs seek an award of "$100 per email[] for each email," as well as "treble damages" for the putative Nationwide Class. Compl. ¶ 121. Plaintiff Jay further seeks "statutory damages in the amount of $500 per email" for the putative Maryland Subclass, *id.* ¶ 102, and Plaintiff Cooper seeks "presumptive damages of $500 per email" for the putative Indiana Subclass, *id.* ¶ 117. Plaintiffs also request "costs and reasonable attorneys' fees" under Washington, Maryland, and Indiana law, pre- and post-judgment interest, and "an order …



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

enjoining Costco from … engaging in the unlawful practices described" in the Complaint. *Id.* ¶¶ 124–27. The Court may consider these types of alleged damages, aggregated on a class-wide basis, when conducting the amount-in-controversy calculation. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (injunctive relief and state law claims authorizing attorneys' fees may be taken into account when determining the amount in controversy for federal diversity jurisdiction).

13. Plaintiffs allege at least four emails between 2023 and 2025 contained "false or misleading" subject lines. Compl. ¶¶ 38–47. Plaintiffs further allege that the Nationwide Class, Maryland Subclass, and Indiana Subclass "each consist, at a minimum, of thousands of consumers." *Id.* ¶ 61.

14. Without conceding and outright denying any purported liability, based on reasonable assumptions and Plaintiffs' allegations that Costco sent at least four emails at issue, *id.* ¶¶ 38–47, to at least "thousands" of putative class or subclass members, *id.* ¶ 61, and with $100 or $500 in alleged minimum damages per email, the amount in controversy exceeds $5,000,000, especially when accounting for Plaintiffs' requested attorneys' fees, treble damages, and injunctive relief. Accordingly, the alleged aggregated damages, fees, and costs Plaintiffs seek surpass CAFA's $5,000,000 amount-in-controversy requirement.

**Removal Is Proper**

15. Pursuant to 28 U.S.C. § 1453, a suit over which a district court would have original jurisdiction under CAFA may be removed to federal court from state court, as provided by 28 U.S.C. §§ 1441(a) and 1446(a). Because this Court could have asserted original jurisdiction over this case, Costco is entitled to remove the present action to this Court.

16. King County Superior Court lies within the Western District of Washington. 28 U.S.C. § 128. Accordingly, removal to this district is proper. *See* 28 U.S.C. § 1441(a). The Seattle Division is the proper division for this matter, as it is being removed from King County. *See* LCR 3(e)(1).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

17. Pursuant to 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal and the removal of the state court action will be served on Plaintiffs through their counsel of record. A copy of this Notice of Removal is being filed promptly with the Clerk of the King County Superior Court, as required by 28 U.S.C. § 1446(d).

18. The removal of this action terminates all proceedings in the Superior Court. *See* 28 U.S.C. § 1446(d).

19. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Costco's right to assert any claim or defense. Costco reserves the right to assert all applicable claims and defenses in response to the Complaint.

**LCR 101(b) Requirements Are Met**

20. In accordance with LCR 101(b), Costco has filed contemporaneously with this Notice of Removal a copy of the operative Complaint, which is separately attached as Exhibit B. A certificate of service which lists all counsel who have appeared in the action with their contact information, including email addresses, is appended to the end of this Notice of Removal. Costco has also filed a completed Civil Cover Sheet, which the Court's ECF system will automatically append to this Notice of Removal in ECF.

WHEREFORE, the above-entitled action is removed from the King County Superior Court to the United States District Court for the Western District of Washington.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

DATED this 13th day of August, 2026.

DAVIS WRIGHT TREMAINE LLP

By: *s/ Lauren B. Rainwater*
Lauren B. Rainwater, WSBA #43625

By: *s/ Rachel Herd*
Rachel Herd, WSBA #50339

By: *s/ Emma Englund*
Emma Englund, WSBA #56178

By: *s/ Joshua Peck*
Joshua Peck, WSBA #64328

920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: (206) 622-3150
Email: laurenrainwater@dwt.com
rachelherd@dwt.com
emmaenglund@dwt.com
joshpeck@dwt.com

*Attorneys for Costco Wholesale Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of August, 2026, I caused the attached to be electronically filed with the Clerk of the Court using the CM/ECF system, and I hereby certify that a copy was emailed and mailed by United States Postal Service to the following counsel.

Jeffrey C. Toppe, WSBA #65222
THE TOPPE FIRM, LLC
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
Tel.: 323-909-2011
E-mail: jct@toppefirm.com

Tyler B. Ewigleben, *pro hac vice* forthcoming
JENNINGS & EARLEY PLLC
500 President Clinton Avenue, Suite 110
Little Rock, Arkansas 72201
Tel.: 501-255-8569
E-mail: tyler@jefirm.com

*Attorneys for Plaintiffs*

DATED this 13th day of August, 2026.

*s/ Lauren B. Rainwater*
Lauren B. Rainwater, WSBA #43625



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# EXHIBIT A

Jeffrey C. Toppe, WSBA No. 65222
**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
Telephone: (323) 909-2011
Email: jct@toppefirm.com

FILED
2026 JUL 13 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-22333-5 SEA

Tyler B. Ewigleben* (*pro hac vice* forthcoming)
**JENNINGS & EARLEY PLLC**
500 President Clinton Avenue, Suite 110
Little Rock, Arkansas 72201
Telephone: (501) 255-8569
Email: tyler@jefirm.com
***Attorneys for Plaintiffs***

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF KING**

TRACY JAY, a resident of the State of Maryland, and CALEB COOPER, a resident of the State of Indiana, on their own behalf and on behalf of all others similarly situated,

*Plaintiffs,*

v.

COSTCO WHOLESALE CORPORATION, a corporation organized under the laws of the State of Washington.

Serve on:

JOHN SULLIVAN (resident agent)
999 Lake Drive
Issaquah, Washington 98027

*Defendant.*

**JURY TRIAL REQUESTED**

Case No.: ____________________

# CLASS ACTION COMPLAINT

Named Plaintiffs Tracy Jay and Caleb Cooper, by and through undersigned counsel, on their own behalf and on behalf of all others similarly situated, allege as follows:

## I. PRELIMINARY STATEMENT

1. This is a class action against Defendant Costco Wholesale Corporation ("Costco" or "Defendant"), a Washington corporation headquartered in Issaquah, Washington, for initiating the transmission of false, deceptive, and misleading marketing emails to consumers throughout the United States, including residents of Maryland and Indiana.

2. Costco uses a variety of deceptive language designed to influence consumer behavior and to trick consumers into making impulsive purchases. For example, Costco uses subject lines to tout limited-time sales, inducing customers to purchase items out of fear that they might miss an unusually good deal (the "False Urgency Emails"). Costco then continues the same promotion after the date on which it represented the promotion would end. In reality, and by design, Costco always planned for the sale to continue beyond the advertised end date. Indeed, as detailed below, Costco's own follow-up emails confirm that the very promotions trumpeted as ending remain available after the represented end date.

3. In sending these False Urgency Emails, Costco violates Washington's Commercial Electronic Mail Act ("CEMA"), RCW 19.190 *et seq.*, which prohibits initiating the transmission of a commercial electronic mail message from a computer located in Washington that contains false or misleading information in the subject line. A violation of CEMA is a *per se* unfair or deceptive act or practice under Washington's Consumer Protection Act (the "Washington CPA" or "CPA"), RCW 19.86 *et seq.* RCW 19.190.030; *see also Brown v. Old Navy, LLC*, 4 Wash. 3d 580 (2025).



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

4. As to Maryland residents, Costco's conduct also violates the Maryland Commercial Electronic Mail Act ("MCEMA"), Md. Code Ann., Com. Law §§ 14-3001 *et seq.*, which prohibits initiating the transmission of commercial electronic mail to an electronic mail address the sender knows or should have known is held by a Maryland resident where the email contains false or misleading information in the subject line that has the capacity, tendency, or effect of deceiving the recipient.

5. As to Indiana residents, Costco's conduct also violates Indiana's Deceptive Commercial Electronic Mail Act ("ICEMA"), Ind. Code Ann. § 24-5-22-1 *et seq.*, which prohibits a person from initiating or assisting the transmission of a commercial electronic mail message that contains false or misleading information in the subject line to an electronic mail address that the sender knows, or has reason to know, is held by a resident of Indiana.

6. CEMA, MCEMA, and ICEMA (collectively, the "Anti-Spam Statutes") were each enacted to protect consumers' interests in being free from deceptive commercial email. Under each of the Anti-Spam Statutes, False Urgency Emails of the type described herein—emails whose subject lines represent that a promotion will end at a specified time when the promotion in fact continues beyond that time—are unlawful, because they contain materially false or misleading information in the subject line that has the capacity, tendency, or effect of deceiving the recipient. The Federal Trade Commission has likewise directed that sellers should not "make a 'limited' offer which, in fact, is not limited." 16 C.F.R. § 233.5.

7. Each of the emails identified herein, and others not identified, is a False Urgency Email containing materially false or misleading information in the subject line. By transmitting these emails, Costco intends to deceive the recipients into thinking that a sale is imminently coming



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

to an end, when in reality, and by design, Costco always knew that the sale was not actually coming to an imminent end.

8. Named Plaintiffs bring this action on behalf of a nationwide class of persons residing in the United States, excluding residents of the State of Washington, to whom Costco sent False Urgency Emails initiated from computers located in Washington; a subclass of Maryland residents; and a subclass of Indiana residents. CEMA's territorial reach extends to any commercial email initiated "from a computer located in Washington," regardless of where the recipient resides. Named Plaintiffs' requested relief includes injunctive relief to end these practices, an award to Named Plaintiffs and Class members of liquidated and statutory damages for each illegal email, and an award of attorneys' fees and costs.

## II. <u>JURISDICTION AND VENUE</u>

9. The Superior Court of Washington has jurisdiction over this case under RCW 2.08.010 and RCW 4.92.090.

10. The Superior Court of Washington has personal jurisdiction over Costco because Costco is a Washington corporation with its principal place of business at 999 Lake Drive, Issaquah, Washington 98027, and because the conduct at issue—the creation, approval, scheduling, and initiation of the unlawful email campaigns—occurred in Washington.

11. Venue is proper in King County pursuant to RCW 4.12.020 and RCW 4.12.025 because Costco resides and transacts business in this county, including at its Issaquah headquarters located within King County, and because the acts giving rise to Named Plaintiffs' claims occurred in this county.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

## III. PARTIES

12. Named Plaintiff Tracy Jay ("Plaintiff Jay") is a natural person currently residing in Baltimore, Maryland.

13. Named Plaintiff Caleb Cooper ("Plaintiff Cooper") is a natural person currently residing in Carmel, Indiana.

14. Plaintiffs Jay and Cooper are collectively referred to herein as "Named Plaintiffs."

15. Defendant Costco Wholesale Corporation is a Washington corporation doing business within this state and with its principal place of business located at 999 Lake Drive, Issaquah, Washington 98027. Costco may be served through its resident agent, John Sullivan, at 999 Lake Drive, Issaquah, Washington 98027.

## IV. FACTUAL ALLEGATIONS

### a. The Anti-Spam Statutes prohibit initiating or conspiring to initiate the transmission of commercial emails with false or misleading information in the subject lines.

16. CEMA provides that "[n]o person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that: . . . (b) [c]ontains false or misleading information in the subject line." RCW 19.190.020(1).

17. CEMA's territorial reach thus extends to any commercial email initiated "from a computer located in Washington," regardless of where the recipient resides.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

18. Under CEMA, "[i]nitiate the transmission" "refers to the action by the original sender of an electronic mail message . . . not to the action by any intervening interactive computer service or wireless network that may handle or retransmit the message." RCW 19.190.010.

19. A violation of CEMA is a matter "vitally affecting the public interest for the purpose of applying the consumer protection act" and "is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act." RCW 19.190.030.

20. The Washington Supreme Court has held that a recipient of a message that violates CEMA is injured for purposes of the CPA without any showing of injury beyond the violation itself. *See Wright v. Lyft, Inc.*, 189 Wn.2d 718, 406 P.3d 1149 (2017). The Washington Supreme Court has further recognized that subject lines indicating that a sale is coming to an end, when the sale is not in fact coming to an end, violate CEMA. *See Brown v. Old Navy, LLC*, 4 Wash. 3d 580 (2025).

21. MCEMA prohibits initiating the transmission of commercial electronic mail to an electronic mail address the sender knows or should have known is held by a Maryland resident where the email "[c]ontains false or misleading information in the subject line that has the capacity, tendency, or effect of deceiving the recipient." Md. Code Ann., Com. Law § 14-3002(b). MCEMA creates a private right of action with damages of the greater of $500 per email or actual damages, plus reasonable attorneys' fees. *Id.* § 14-3003.

22. ICEMA prohibits a person from initiating or assisting in the transmission of a commercial electronic mail message that contains false or misleading information in the subject line to an electronic mail address that the sender knows, or has reason to know, is held by a resident



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

of Indiana. Ind. Code Ann. § 24-5-22-7. ICEMA entitles a prevailing plaintiff to presumptive damages of $500 for each violating message, plus reasonable attorneys' fees and litigation costs. *Id.* § 24-5-22-10.

23. An injury occurs under the Anti-Spam Statutes any time a commercial email is transmitted that contains false or misleading information in the subject line.

24. Under each of the Anti-Spam Statutes, it is irrelevant that the commercial emails were solicited by the recipients.

25. Each of the Anti-Spam Statutes creates an independent, standalone cause of action.

**b. Costco initiated the transmission of commercial emails with false or misleading subject lines from computers located in Washington.**

26. Costco initiated (or conspired to initiate) the transmission of many commercial emails with false or misleading subject lines. The emails were electronic mail messages, in that they were each an electronic message sent to an electronic mail address; the emails from Costco also referred to an internet domain, whether or not displayed, to which an electronic mail message can or could be sent or delivered. Costco sent the emails for the purpose of promoting its goods for sale, and the emails were sent at Costco's direction and were approved by Costco.

27. On information and belief, Costco's marketing operation is headquartered at, and directed from, its corporate campus in Issaquah, Washington. Costco's corporate marketing department—including the personnel who conceive, design, draft, approve, schedule, and trigger Costco's email marketing campaigns—is located at Costco's Issaquah, Washington headquarters, as is Costco's information technology organization.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

28. On information and belief, the computers used by Costco personnel to create, approve, schedule, and initiate the transmission of the False Urgency Emails are located in Washington.

29. To the extent Costco employs third-party email service providers or platforms to handle or retransmit its marketing emails, the actions of such intervening providers are irrelevant to the identity and location of the initiator under CEMA. RCW 19.190.010. Costco—not any intervening service provider—is the original sender that initiated the transmission of the False Urgency Emails, and Costco initiated those transmissions from Washington.

**c. <u>Costco's False Urgency Emails</u>**

30. Costco's emails frequently advertise the limited-time nature of sales, discounts, and prices. For example, Costco sends emails indicating that a promotion "ENDS TODAY," that it is the recipient's "LAST DAY" to obtain the deal, or that a deal is available for a stated window "only." In reality, and by design, the deal does not actually end when represented. Costco continues, repeats, or expressly extends the same promotion after the represented end date.

31. These promotions are not continued or extended because of remaining inventory or because Costco employees decided at the last minute that the promotion should be continued. Rather, the promotions continue beyond the represented end date because Costco planned for the sale to continue beyond that date.

32. Instead of drafting and sending marketing emails on the same day, sophisticated companies like Costco carefully plan and schedule emails in advance. Email marketers first schedule a plan well ahead of sending an individual email. On a typically yearly and quarterly basis, they plan product launches, holidays, and seasonal events.[1] They then draft emails in

---

[1] Benchmark, *Seasonal Campaigns Made Easy: How to Pre-Schedule Your Entire Year's Worth of Emails*, available at https://www.benchmarkemail.com/blog/seasonal-email-campaigns/ (last accessed June 26, 2026).



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

advance and use automation features to schedule emails.[2] "Most email marketing platforms offer robust automation features, making scheduling emails easy and efficient."[3] The delivery of each email is timed not just by day but by time as well. Retail companies like Costco know that "emails often perform best when they arrive in the recipient's inbox during the late morning or early afternoon, especially on Thursdays through Saturdays."[4]

33. These False Urgency Emails have the capacity, tendency, or effect of deceiving consumers into believing that it is their last chance to obtain a particular promotion. By stating that a sale is ending at a specific time, Costco suggests an offer's rarity or urgency, stimulating consumers' desire to get the deal before it's gone while simultaneously inducing fear of missing a good buy.

34. The FTC has recognized that a common method of "manipulat[ing] consumer choice by inducing false beliefs" is creating a false sense of urgency that a consumer's time to act is limited.[5] The FTC has stated that such "False Limited Time Message[s]" create "pressure to buy immediately by saying the offer is good only for a limited time or that the deal ends soon—but without a deadline or with a meaningless deadline that just resets when reached."[6] These messages are psychologically effective: there is "considerable evidence" that "consumers react to scarcity and divert their attention to information where they might miss opportunities."[7] Research likewise

---

[2] *Id.*
[3] *Id.*
[4] Mailchimp, *What Is the Best Time to Send a Marketing Email Blast?*, available at https://mailchimp.com/resources/insights-from-mailchimps-send-time-optimization-system/ (last accessed June 26, 2026).
[5] Fed. Trade Comm'n, *Bringing Dark Patterns to Light*, at 4 (2022) ("Bringing Dark Patterns to Light"), https://perma.cc/847M-EY69/; see also U.K. Competition & Mkts. Auth., *Online Choice Architecture—How Digital Design Can Harm Competition and Consumers*, at 26 (2022) ("Online Choice Architecture"), https://perma.cc/V848-7TVV/.
[6] Bringing Dark Patterns to Light at 22.
[7] Online Choice Architecture at 26.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

shows that emails conveying urgency in the subject line have higher open rates than emails without such subject lines.[8]

35. False time scarcity claims thus have the capacity or tendency to deceive consumers by making them think that they have to act now or they will miss the opportunity to get the deal. Costco uses this tactic to induce customers to purchase its products based on fear of missing a good deal, and not genuine desire to purchase the products.

36. Costco likely would not use this marketing tactic, or at least would use it less frequently, if it were not successful in generating sales. Costco's frequent use of this tactic suggests discovery will show that Costco has conducted A/B testing of these email subject lines and determined that this tactic increases sales, which in turn will show that representations of fact in an email subject line regarding the expiration or extension of limited-time promotions are among the type of facts consumers would depend on in making their consumer decisions. *See Brown v. Old Navy, LLC*, 4 Wash. 3d 580 (2025).

37. In each instance identified herein, the subject line conveys an objective statement of fact that is materially (and objectively) false or misleading, in the sense that a significant number of unsophisticated consumers would attach importance to the information in the subject line in determining a choice of action. *See, e.g., Brown v. Old Navy, LLC*, 4 Wash. 3d 580, 596 (2025) (finding that "representations of fact [in email subject lines]—***like the duration or availability of a promotion***, its terms and nature, the cost of goods, and other facts" are statements that consumers "would depend on in making their consumer decisions") (emphasis added). A non-exhaustive list of examples of unlawful subject lines is set forth below. The subject lines are reproduced verbatim.

---

[8] *See* Urgency Emails: An All-Inclusive Guide For Marketers To Drive Maximum Conversions, https://email.uplers.com/blog/complete-guide-to-urgency-emails/.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

Discovery will show additional emails Costco sent to Named Plaintiffs and the Class and Subclasses.

**d. The False Urgency Emails sent to Plaintiff Jay**

38. At all times relevant to this Complaint, Plaintiff Jay resided in Maryland. Plaintiff Jay maintains a Costco membership and receives Costco's marketing emails at her Gmail address, at which she has received Costco marketing emails since at least November 2023. Costco knows, or has reason to know, that Plaintiff Jay's email address is held by a Maryland resident because Costco's membership and account records reflect her home address in the State of Maryland. Plaintiff Jay received and read the subject lines of each of the False Urgency Emails identified below at or around the time they were sent.

39. Costco sent Plaintiff Jay numerous False Urgency Emails whose subject lines represented that a promotion would end at a specified time, when in fact Costco continued, repeated, or offered the identical promotion after the represented end date, as demonstrated by Costco's own later emails.

40. On November 28, 2023, Costco sent an email with the subject line: "Holiday Savings Come to an End - Tomorrow! Shop Before They're Gone!" The next day, on November 29, 2023, Costco doubled down on its assertion that the deals were ending, and sent an email with the subject line: "ENDS TODAY! Holiday Appliance Savings Event." Many of the deals that were represented as ending "TODAY" did not, in fact, end that day. For example, Costco advertised a "Samsung 5.0 cu. ft. Top Load Washer with Super Speed and 7.4 cu. ft. Dryer with Steam Sanitize+" at $750 off in both its November 28, 2023 "Holiday Savings Come to an End - Tomorrow!" email and its November 29, 2023 "ENDS TODAY!" email (tagged "Ends Today,



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

11/29/23”). Costco then offered the identical Samsung washer/dryer combo at the identical $750 discount eleven days later on December 10, 2023.

41. The following exhibit illustrates that the deals that were represented as coming to and end on November 29, 2023, did not, in fact, come to an end.

| ***Deals from the body of the Nov. 28 email*** | ***Deals from the body of the Nov. 29 email*** | ***Deals from the body of the Dec. 10 and Dec. 14 email*** |
|---|---|---|
| **Ends Tomorrow, 11/29/23!**<br>Samsung 5.0 cu. ft. Top Load Washer with Super Speed and 7.4 cu. ft. Dryer with Steam Sanitize+<br>**$750 OFF** | **Ends Today, 11/29/23!**<br>Samsung 5.0 cu. ft. Top Load Washer with Super Speed and 7.4 cu. ft. Dryer with Steam Sanitize+<br>**$750 OFF** | Samsung 5.0 cu. ft. Top Load Washer with Super Speed and 7.4 cu. ft. Dryer with Steam Sanitize+<br>**$750 OFF** |
| | Dyson V15 Detect Total Clean Extra Cordless Stick Vacuum<br>**$200 OFF** | Dyson V15 Detect Total Clean Extra Cordless Stick Vacuum<br>**$200 OFF** |
| | Whirlpool 19.2 cu. ft. Counter Depth 4 Door Refrigerator with Easy Shelves<br>**$1,050 OFF** | Whirlpool 19.2 cu. ft. Counter Depth 4-Door Refrigerator with Easy Shelves, Stainless Steel<br>**$1,050 OFF** |

42. Plaintiff Jay continues to receive emails from Costco. Because Plaintiff Jay deleted some of the emails she received from Costco before this lawsuit was initiated, she is not presently able to identify all of the False Urgency Emails she received. Costco is aware of all the emails it



**The Toppe Firm, LLC**
4900 O’Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

has sent Plaintiff Jay, and discovery will show the full number of emails Costco has sent throughout the relevant time period.

**e. <u>The False Urgency Emails sent to Plaintiff Cooper</u>**

43. At all times relevant to this Complaint, Plaintiff Cooper resided in Carmel, Indiana. Plaintiff Cooper maintains a Costco membership and/or online account reflecting his home address in the State of Indiana and receives Costco's marketing emails. Costco knows, or has reason to know, that Plaintiff Cooper's email address is held by an Indiana resident. Plaintiff Cooper received and read the subject lines of the False Urgency Emails identified below at or around the time they were sent.

44. On or around May 4, 2025, Plaintiff received an email from Costco with the following subject line: "LAST DAY of Member-Only Savings In-Warehouse & Online!" Upon opening the email, Plaintiff learned that the members-only savings were not, in fact, ending that day; the same savings continued to be offered after May 4, 2025.

45. On or around May 12, 2025, Plaintiff received an email from Costco with the following subject line: "Hot Buys Start Now - 5 Days Only! In fact, at least one item included in the advertised sale was offered at the same sale price at least eight days earlier, and the sale remained available longer than the five days represented in the subject line.

46. Plaintiff Cooper continues to receive emails from Costco. Because Plaintiff Cooper deleted some of the emails he received from Costco before this lawsuit was initiated, he is not presently able to identify all of the False Urgency Emails he received. Costco is aware of all the emails it has sent Plaintiff Cooper, and discovery will show the full number of emails Costco has sent throughout the relevant time period.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

**f. Costco knew its subject-line representations were false**

47. Costco knew, or acted with reckless disregard of the fact, that the information in the subject lines of the False Urgency Emails was false or misleading, because (a) Costco itself scheduled the same promotions and products to continue and recur after the represented end dates; (b) Costco's own follow-up emails admitted that the promotions represented as ending remained available, including through subject lines announcing that offers had continued beyond the represented end date; and (c) Costco repeated the same false-deadline device across successive dates and seasons.

48. By making these representations of material fact in the subject lines of the challenged emails, Costco intended to deceive consumers.

**g. Costco knows, or has reason to know, the state of residence of its email recipients.**

49. Costco knows, or has reason to know, the state of residence of its email recipients, including Maryland Subclass members and Indiana Subclass members.

50. Costco is a membership warehouse club. To shop at Costco, a consumer must generally purchase and maintain a membership, and Costco collects and retains membership records that include the member's name and physical address, which Costco associates with the member's email address.

51. For any person who places an order on Costco.com, Costco associates an email address with a shipping address and/or billing address for that order. Costco also encourages online shoppers to create online accounts storing shipping addresses, billing addresses, and phone numbers.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

52. On information and belief, Costco employs methods to track the effectiveness of its marketing emails and to identify the physical location of recipients who interact with them, including by gathering geocoordinates and IP-address data, and employs third parties who maintain profiles of customers including email address and physical location. Costco also utilizes cookies, pixels, and other online tracking technologies—such as the Meta Pixel and tracking technologies provided by other third parties—to identify and locate the consumers who click on links in its marketing emails and who visit its website.

53. In addition, information concerning the residency of Named Plaintiffs and members of the Class is (and was) available on request from the registrant of the Internet domain name contained in Named Plaintiffs' and Class members' electronic mail addresses.

54. Costco had reason to believe that all individuals (a) with a Maryland-based area code, including 240, 301, 410, 443, or 667, and (b) who signed up to receive Costco emails at, or made purchases at, a Costco warehouse located within Maryland, were residents of Maryland at the time the False Urgency Emails were sent. Costco likewise had reason to believe that all individuals (a) with an Indiana-based area code, including 219, 260, 317, 463, 574, 765, 812, or 930, and (b) who signed up to receive Costco emails at, or made purchases at, a Costco warehouse located within Indiana, were residents of Indiana at the time the False Urgency Emails were sent.

55. Discovery will show that, at the time it sent the False Urgency Emails, Costco had access to the data described above regarding the location of the consumers to whom it sent the emails, and therefore Costco knew or should have known, at the time it sent each False Urgency Email, which recipients—including Named Plaintiffs and Class members—resided in Maryland or Indiana.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

56. Named Plaintiffs continue to receive emails from Costco. Costco is aware of all the emails it has sent Named Plaintiffs, and discovery will show the full number of emails Costco has sent throughout the relevant time period.

## V. CLASS ACTION ALLEGATIONS

57. Named Plaintiffs bring this action, individually and as a class action pursuant to CR 23(a) and 23(b)(3), on behalf of the following Class and Subclasses:

> **Nationwide Class**
> All residents of the United States, excluding residents of Washington, to whom Costco sent, within four years before the date of the filing of this complaint until the date of trial, an email with a subject line that states or implies that a particular promotion will end at a specified time, when the promotion continues beyond the specified end time.
>
> **Maryland Subclass**
> All Maryland residents to whom Costco sent, within three years before the date of the filing of this complaint until the date of trial, an email with a subject line that states or implies that a particular promotion will end at a specified time, when the promotion continues beyond the specified end time.
>
> **Indiana Subclass**
> All Indiana residents to whom Costco sent, within two years before the date of the filing of this complaint until the date of trial, an email with a subject line that states or implies that a particular promotion will end at a specified time, when the promotion continues beyond the specified end time.

58. The Nationwide Class, the Maryland Subclass, and the Indiana Subclass are collectively referred to as the "Class and Subclasses." Excluded from the Class and Subclasses are Defendant, Defendant's affiliates, employees, officers and directors, any residents of Washington, and the judicial officers to whom this case is assigned.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

59. Named Plaintiffs Jay ad Cooper seek to represent the Nationwide Class. Named Plaintiff Jay seeks to represent the Maryland Subclass. Named Plaintiff Cooper seeks to represent the Indiana Subclass.

60. Members of the Class and Subclasses are identifiable from Costco's records, including its email distribution lists, membership records, and customer address data. Named Plaintiffs are members of the respective Class and Subclasses they seek to represent.

61. **Numerosity.** The Nationwide Class, the Maryland Subclass, and the Indiana Subclass each consist, at a minimum, of thousands of consumers and are so numerous that joinder of all members is clearly impracticable.

62. **Commonality.** There are questions of law and fact which are not only common to the Class and Subclasses, but which predominate over any questions affecting only individual members, including:

a. whether the emails Costco sent to the Class were commercial electronic mail messages under CEMA, MCEMA, and ICEMA;

b. whether Costco initiated the transmission of the emails from computers located in Washington;

c. whether the subject lines of the emails contained false or misleading information that has the capacity, tendency, or effect of deceiving the recipient;

d. whether Costco knew or had reason to know that the subject-line representations were false or misleading;

e. whether Costco's violations of CEMA constitute *per se* violations of the Washington CPA;



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

f. whether Costco knew or should have known that Maryland Subclass members were Maryland residents and Indiana Subclass members were Indiana residents;

g. whether Costco is subject to the statutory penalties set forth in CEMA, MCEMA, and ICEMA for each violating email;

h. whether Named Plaintiffs and the Class are entitled to injunctive relief; and

i. the nature and extent of Class-wide injury and the proper measure of liquidated and statutory damages.

63. **Typicality.** Named Plaintiffs' claims are typical of the claims of the respective Class and Subclasses they seek to represent and are based on and arise out of the same course of conduct by Defendant and the same legal theories.

64. **Adequacy.** Named Plaintiffs will fairly and adequately protect the interests of the Class and Subclasses. Named Plaintiffs are committed to vigorously litigating this matter and have secured counsel experienced in handling consumer class actions and complex consumer litigation. Neither Named Plaintiffs nor their counsel has any interests that might cause them not to vigorously pursue this claim.

65. **Predominance.** The common questions of law and fact enumerated above predominate over any questions affecting only individual members of the Class and Subclasses, because Costco's liability turns on standardized, uniform conduct—the transmission of materially false or misleading subject lines as part of a centrally planned and scheduled marketing program—that applies in common to all Class members. CR 23(b)(3).

66. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy. CR 23(b)(3). The likelihood that individual members of the proposed Class and Subclasses will prosecute separate actions is remote due to the time and



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

expense necessary to conduct such litigation and because each individual claim involves a relatively small amount. The prosecution of separate actions would also create a risk of inconsistent adjudications. Counsel for Named Plaintiffs and the proposed Class and Subclasses foresees little difficulty in the management of this case as a class action.

## VI. CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF THE WASHINGTON COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 *ET SEQ.*
### (On Behalf of Named Plaintiffs Jay and Cooper and the Nationwide Class)

67. Named Plaintiffs Jay and Cooper re-allege and incorporate by reference each of the foregoing paragraphs as if fully set forth herein, and further allege:

68. The False Urgency Emails, and all other emails Costco sent containing false or misleading information in the subject lines, are "commercial electronic mail message[s]" under RCW 19.190.010, as each was sent for the purpose of promoting real property, goods, or services for sale or lease.

69. Costco is a "person" within the meaning of CEMA, RCW 19.190.010.

70. Costco initiated the transmission of the False Urgency Emails, conspired with another to initiate the transmission, or assisted in the transmission, within the meaning of RCW 19.190.020(1). Costco is the original sender of the False Urgency Emails; the actions of any intervening email service provider that handled or retransmitted the messages are irrelevant under RCW 19.190.010.

71. Costco initiated the transmission of the False Urgency Emails from computers located in Washington. Because the Nationwide Class consists of recipients residing outside Washington, Named Plaintiffs' and the Nationwide Class's CEMA claims rest on the "from a computer located in Washington" prong of RCW 19.190.020(1).



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

72. The subject lines of the False Urgency Emails contained false or misleading information, in the manner described above.

73. Each False Urgency Email had the capacity, tendency, or effect of deceiving the recipient into believing the promotion was ending on the date or at the time specifically identified in the subject line, when the promotion was always planned to continue, and did continue, beyond that represented date or time.

74. Costco knew, or had reason to know, that the information in the subject lines was false or misleading, as demonstrated by, among other things, Costco's own follow-up emails admitting that the promotions represented as ending remained available, and by Costco's own scheduling of the promotions to continue beyond the represented end dates.

75. By sending the False Urgency Emails, Costco intended to deceive the recipients about the true end date of its sales.

76. Under CEMA, it is irrelevant that the aforementioned emails were solicited.

77. Costco's sending of each False Urgency Email is a discrete violation of RCW 19.190.020(1)(b).

78. Named Plaintiffs and Nationwide Class members are entitled to liquidated damages of $100 for each email transmitted in violation of CEMA pursuant to RCW 19.190.040.

## COUNT TWO
## VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86 *ET SEQ.*
## (On Behalf of Named Plaintiffs Jay and Cooper and the Nationwide Class)

79. Named Plaintiffs Jay and Cooper re-allege and incorporate by reference each of the foregoing paragraphs as if fully set forth herein, and further allege:



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

80. Named Plaintiffs and Nationwide Class members are "persons" within the meaning of the CPA, RCW 19.86.010.

81. Costco violated CEMA by initiating the transmission, from computers located in Washington, of commercial electronic mail messages containing false or misleading information in the subject line to Named Plaintiffs and members of the Nationwide Class.

82. A violation of CEMA is a *per se* violation of the Washington CPA. RCW 19.190.030; *see Brown v. Old Navy, LLC*, 4 Wash. 3d 580 (2025). A violation of CEMA establishes all five elements of the Washington CPA as a matter of law.

83. Costco's violations of CEMA constitute unfair or deceptive acts or practices in the conduct of trade or commerce, and *per se* matters vitally affecting the public interest, for purposes of the CPA. RCW 19.190.030.

84. Independently, Costco's transmission of emails with false and misleading subject lines constitutes an unfair or deceptive act or practice in the conduct of trade or commerce, occurring in Washington and emanating from Washington, that has the capacity to deceive a substantial portion of the public.

85. Costco's conduct impacts the public interest: the False Urgency Emails were sent to thousands of consumers as part of a standardized, ongoing marketing program directed from Washington. Costco engaged in a pattern and practice of violating CEMA.

86. Named Plaintiffs and Nationwide Class members were injured by Costco's violations. Pursuant to RCW 19.190.040, damages to each recipient of a commercial electronic mail message sent in violation of CEMA are the greater of the statutory liquidated amount or actual damages, which establishes the injury and causation elements of a CPA claim as a matter of law. Receipt of a message that violates CEMA constitutes injury under the CPA without any showing



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

of additional harm. *Wright v. Lyft, Inc.*, 189 Wn.2d 718 (2017). Named Plaintiffs and Class members do not allege, and need not allege, any injury beyond receipt of the unlawful messages themselves.

87. As a result of Costco's acts and omissions, Named Plaintiffs and Nationwide Class members are entitled to recover the liquidated damages established by RCW 19.190.040 ($100 per email), and treble damages as the Court may allow, together with costs and reasonable attorneys' fees, pursuant to RCW 19.86.090.

## COUNT THREE
## VIOLATION OF THE MARYLAND COMMERCIAL ELECTRONIC MAIL ACT, MD. CODE ANN., COM. LAW §§ 14-3001 *ET SEQ.*
## (On Behalf of Named Plaintiff Jay and the Maryland Subclass)

88. Named Plaintiff Jay re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein, and further alleges:

89. MCEMA § 14-3001 defines "Commercial Electronic Mail" as "electronic mail that advertises real property, goods, or services for sale or lease."

90. The False Urgency Emails are "Commercial Electronic Mail," as the purpose of each was to advertise goods or services for sale.

91. MCEMA § 14-3002(b) prohibits a person from initiating the transmission of commercial electronic mail that "is sent to an electronic mail address that the sender knows or should have known is held by a resident of the State" and "[c]ontains false or misleading information in the subject line that has the capacity, tendency, or effect of deceiving the recipient."

92. Costco is the person that initiated the transmission of the False Urgency Emails to Plaintiff Jay and members of the Maryland Subclass.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

93. MCEMA § 14-3002(c) provides that "[a] person is presumed to know that the intended recipient of commercial electronic mail is a resident of the State if the information is available on request from the registrant of the Internet domain name contained in the recipient's electronic mail address."

94. Information concerning the residency of Plaintiff Jay and members of the Maryland Subclass is (and was) available on request from the registrant of the Internet domain name contained in their electronic mail addresses.

95. Plaintiff Jay and members of the Maryland Subclass provided Costco with membership, shipping, and/or billing information, including phone numbers, reflecting their Maryland residency, and created online accounts storing such information, and Costco had access to that data at the time it sent the False Urgency Emails.

96. Costco had reason to believe that all individuals (a) with a Maryland-based area code, including 240, 301, 410, 443, or 667, and (b) who signed up to receive Costco emails at, or made purchases at, a Costco warehouse located within Maryland, were residents of Maryland at the time the False Urgency Emails were sent.

97. Plaintiff Jay and members of the Maryland Subclass are and were, in fact, residents of Maryland at the time Costco transmitted the False Urgency Emails, and were the intended recipients of those emails.

98. Costco knew or should have known that Plaintiff Jay and members of the Maryland Subclass, the intended recipients of the aforementioned emails, were residents of the State of Maryland when Costco sent the emails.

99. Under MCEMA, it is irrelevant that the False Urgency Emails were solicited.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

100. In violation of MCEMA § 14-3002(b), the subject lines of the False Urgency Emails contained false or misleading information that has the capacity, tendency, or effect of deceiving the recipient, in the ways described above.

101. Costco knew the information in the subject lines was false or misleading for the reasons set forth herein, and by making the false and/or misleading representations of material fact in the subject lines of the challenged emails, Costco intended to deceive consumers.

102. Costco's sending of each False Urgency Email, and any other email with false or misleading information in the subject line, is a discrete violation of MCEMA § 14-3002. Pursuant to MCEMA § 14-3003, Plaintiff Jay and members of the Maryland Subclass are entitled to damages in the amount of $500 per email, plus reasonable attorneys' fees.

**COUNT FOUR**
**VIOLATION OF INDIANA'S DECEPTIVE COMMERCIAL ELECTRONIC MAIL ACT, IND. CODE ANN. § 24-5-22-1 *ET SEQ*.**
**(On Behalf of Named Plaintiff Cooper and the Indiana Subclass)**

103. Named Plaintiff Cooper re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein, and further alleges:

104. Ind. Code Ann. § 24-5-22-2 defines "commercial electronic mail message" as "an electronic mail message sent to promote the sale or lease of real property, goods, or services."

105. The False Urgency Emails were "commercial electronic mail messages," as the purpose of each was to promote goods or services for sale.

106. Ind. Code Ann. § 24-5-22-7 prohibits a person from initiating or assisting the transmission of a commercial electronic mail message that contains false or misleading information in the subject line "to an electronic mail address that the sender: (A) knows; or (B) has reason to know; is held by a resident of Indiana."



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

107. Costco is the person that initiated the transmission of the False Urgency Emails to Plaintiff Cooper and members of the Indiana Subclass.

108. Ind. Code Ann. § 24-5-22-7 provides that "a person knows that the intended recipient of a commercial electronic mail message is an Indiana resident if that information is available, upon request, from the registrant of the Internet domain name contained in the recipient's electronic mail address."

109. Information concerning the residency of Plaintiff Cooper and members of the Indiana Subclass is (and was) available on request from the registrant of the Internet domain name contained in their electronic mail addresses.

110. Plaintiff Cooper and members of the Indiana Subclass provided Costco with membership, shipping, and/or billing information, including phone numbers, reflecting their Indiana residency, and created online accounts storing such information, and Costco had access to that data at the time it sent the False Urgency Emails.

111. Costco had reason to believe that all individuals (a) with an Indiana-based area code, including 219, 260, 317, 463, 574, 765, 812, and 930, and (b) who signed up to receive Costco emails at, or made purchases at, a Costco warehouse located within Indiana, were residents of Indiana at the time the False Urgency Emails were sent.

112. Plaintiff Cooper and members of the Indiana Subclass are and were, in fact, residents of Indiana at the time Costco transmitted the False Urgency Emails, and were the intended recipients of those emails.

113. Costco knew or should have known that Plaintiff Cooper and members of the Indiana Subclass, the intended recipients of the aforementioned emails, were residents of the State of Indiana when Costco sent the emails.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

114. Under ICEMA, it is irrelevant that the False Urgency Emails were solicited.

115. In violation of Ind. Code Ann. § 24-5-22-7, the subject lines of the False Urgency Emails contained false or misleading information, in the ways described above, each of which had the capacity of deceiving the recipient.

116. Costco knew the information in the subject lines was false or misleading for the reasons set forth herein, and by making the false and/or misleading representations of material fact in the subject lines of the challenged emails, Costco intended to deceive consumers.

117. Pursuant to Ind. Code Ann. § 24-5-22-10, Plaintiff Cooper and members of the Indiana Subclass are entitled to presumptive damages of $500 for each commercial electronic mail message that violates the chapter and that Costco sent to them, plus reasonable attorneys' fees and other litigation costs reasonably incurred in connection with the action. Costco's sending of each False Urgency Email is a discrete violation of Ind. Code Ann. § 24-5-22-10.

## VII. PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs respectfully pray for judgment as follows:

118. An order assuming jurisdiction of this case;

119. An order certifying the Nationwide Class, the Maryland Subclass, and the Indiana Subclass under CR 23(a) and (b)(3);

120. An order appointing Named Plaintiffs Jay and Cooper as representatives of the Nationwide Class, Named Plaintiff Jay as representative of the Maryland Subclass, and Named Plaintiff Cooper as representative of the Indiana Subclass, and appointing undersigned counsel as Class counsel;



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

121. An award to Named Plaintiffs and the Nationwide Class of liquidated damages pursuant to RCW 19.190.040, as amended ($100 per email), for each email transmitted in violation of CEMA, together with treble damages as the Court may allow pursuant to RCW 19.86.090;

122. An award to Named Plaintiff Jay and the Maryland Subclass of statutory damages in the amount of $500 per email pursuant to MCEMA § 14-3003;

123. An award to Named Plaintiff Cooper and the Indiana Subclass of presumptive damages of $500 per email pursuant to Ind. Code Ann. § 24-5-22-10;

124. An order granting injunctive relief enjoining Costco from initiating the transmission of commercial electronic mail messages containing false or misleading information in the subject line, and from otherwise engaging in the unlawful practices described herein;

125. An order ensuring that Defendant is restrained from altering, deleting, or destroying any documents or records that could be used to identify members of the Class;

126. An award of costs and reasonable attorneys' fees pursuant to RCW 19.86.090, MCEMA § 14-3003, and Ind. Code Ann. § 24-5-22-10;

127. An award of pre-judgment and post-judgment interest on all sums awarded to Named Plaintiffs and the members of the Class; and

128. Such other and further relief as the Court deems just and proper.

## VIII. Demand for Jury Trial

Named Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

Dated: July 13, 2026

**/s/ Jeffrey C. Toppe**
Jeffrey C. Toppe, Esq., WSBA No. 65222



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011
jct@toppefirm.com

Tyler B. Ewigleben* (*pro hac vice* forthcoming)
**JENNINGS & EARLEY PLLC**
500 President Clinton Avenue, Suite 110
Little Rock, Arkansas 72201
Telephone: (501) 255-8569
tyler@jefirm.com

***Attorneys for Plaintiffs***



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

Jeffrey C. Toppe, WSBA No. 65222
**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
Telephone: (323) 909-2011
Email: jct@toppefirm.com

FILED
2026 JUL 13 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-22333-5 SEA

Tyler B. Ewigleben* (*pro hac vice* forthcoming)
**JENNINGS & EARLEY PLLC**
500 President Clinton Avenue, Suite 110
Little Rock, Arkansas 72201
Telephone: (501) 255-8569
Email: tyler@jefirm.com
***Attorneys for Plaintiffs***

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF KING**

TRACY JAY, a resident of the State of Maryland, and CALEB COOPER, a resident of the State of Indiana, on their own behalf and on behalf of all others similarly situated,

*Plaintiffs,*

v.

COSTCO WHOLESALE CORPORATION, a corporation organized under the laws of the State of Washington.

Serve on:

JOHN SULLIVAN (resident agent)
999 Lake Drive
Issaquah, Washington 98027

*Defendant.*

**JURY TRIAL REQUESTED**

Case No.: ____________________

**SUMMONS**

TO THE DEFENDANTS:

A lawsuit has been filed against you in the above-entitled court by TRACY JAY and CALEB COOPER, the Named Plaintiffs. Named Plaintiffs' claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where plaintiff is entitled to what she or he asks for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the plaintiffs file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to rule 4 of the Superior Court Rules of the State of Washington.

//

//

//

//

(*signature on following page*)



**The Toppe Firm, LLC**
4900 O'Hear Ave. Ste. 100
North Charleston, SC 29405
(323) 909-2011

DATED July 13, 2026

**/s/ Jeffrey C. Toppe**
Jeffrey C. Toppe, Esq. WSBA No. 65222
**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011
jct@toppefirm.com

**Attorney for Plaintiffs**

# EXHIBIT B

Jeffrey C. Toppe, WSBA No. 65222
**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
Telephone: (323) 909-2011
Email: jct@toppefirm.com

FILED
2026 JUL 13 09:00 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 26-2-22333-5 SEA

Tyler B. Ewigleben* (*pro hac vice* forthcoming)
**JENNINGS & EARLEY PLLC**
500 President Clinton Avenue, Suite 110
Little Rock, Arkansas 72201
Telephone: (501) 255-8569
Email: tyler@jefirm.com
***Attorneys for Plaintiffs***

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF KING**

TRACY JAY, a resident of the State of Maryland, and CALEB COOPER, a resident of the State of Indiana, on their own behalf and on behalf of all others similarly situated,

*Plaintiffs,*

v.

COSTCO WHOLESALE CORPORATION, a corporation organized under the laws of the State of Washington.

Serve on:

JOHN SULLIVAN (resident agent)
999 Lake Drive
Issaquah, Washington 98027

*Defendant.*

**JURY TRIAL REQUESTED**

Case No.: ____________________

# CLASS ACTION COMPLAINT

Named Plaintiffs Tracy Jay and Caleb Cooper, by and through undersigned counsel, on their own behalf and on behalf of all others similarly situated, allege as follows:

## I. PRELIMINARY STATEMENT

1. This is a class action against Defendant Costco Wholesale Corporation ("Costco" or "Defendant"), a Washington corporation headquartered in Issaquah, Washington, for initiating the transmission of false, deceptive, and misleading marketing emails to consumers throughout the United States, including residents of Maryland and Indiana.

2. Costco uses a variety of deceptive language designed to influence consumer behavior and to trick consumers into making impulsive purchases. For example, Costco uses subject lines to tout limited-time sales, inducing customers to purchase items out of fear that they might miss an unusually good deal (the "False Urgency Emails"). Costco then continues the same promotion after the date on which it represented the promotion would end. In reality, and by design, Costco always planned for the sale to continue beyond the advertised end date. Indeed, as detailed below, Costco's own follow-up emails confirm that the very promotions trumpeted as ending remain available after the represented end date.

3. In sending these False Urgency Emails, Costco violates Washington's Commercial Electronic Mail Act ("CEMA"), RCW 19.190 *et seq.*, which prohibits initiating the transmission of a commercial electronic mail message from a computer located in Washington that contains false or misleading information in the subject line. A violation of CEMA is a *per se* unfair or deceptive act or practice under Washington's Consumer Protection Act (the "Washington CPA" or "CPA"), RCW 19.86 *et seq.* RCW 19.190.030; *see also Brown v. Old Navy, LLC*, 4 Wash. 3d 580 (2025).



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

4. As to Maryland residents, Costco's conduct also violates the Maryland Commercial Electronic Mail Act ("MCEMA"), Md. Code Ann., Com. Law §§ 14-3001 *et seq.*, which prohibits initiating the transmission of commercial electronic mail to an electronic mail address the sender knows or should have known is held by a Maryland resident where the email contains false or misleading information in the subject line that has the capacity, tendency, or effect of deceiving the recipient.

5. As to Indiana residents, Costco's conduct also violates Indiana's Deceptive Commercial Electronic Mail Act ("ICEMA"), Ind. Code Ann. § 24-5-22-1 *et seq.*, which prohibits a person from initiating or assisting the transmission of a commercial electronic mail message that contains false or misleading information in the subject line to an electronic mail address that the sender knows, or has reason to know, is held by a resident of Indiana.

6. CEMA, MCEMA, and ICEMA (collectively, the "Anti-Spam Statutes") were each enacted to protect consumers' interests in being free from deceptive commercial email. Under each of the Anti-Spam Statutes, False Urgency Emails of the type described herein—emails whose subject lines represent that a promotion will end at a specified time when the promotion in fact continues beyond that time—are unlawful, because they contain materially false or misleading information in the subject line that has the capacity, tendency, or effect of deceiving the recipient. The Federal Trade Commission has likewise directed that sellers should not "make a 'limited' offer which, in fact, is not limited." 16 C.F.R. § 233.5.

7. Each of the emails identified herein, and others not identified, is a False Urgency Email containing materially false or misleading information in the subject line. By transmitting these emails, Costco intends to deceive the recipients into thinking that a sale is imminently coming


**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

to an end, when in reality, and by design, Costco always knew that the sale was not actually coming to an imminent end.

8. Named Plaintiffs bring this action on behalf of a nationwide class of persons residing in the United States, excluding residents of the State of Washington, to whom Costco sent False Urgency Emails initiated from computers located in Washington; a subclass of Maryland residents; and a subclass of Indiana residents. CEMA's territorial reach extends to any commercial email initiated "from a computer located in Washington," regardless of where the recipient resides. Named Plaintiffs' requested relief includes injunctive relief to end these practices, an award to Named Plaintiffs and Class members of liquidated and statutory damages for each illegal email, and an award of attorneys' fees and costs.

## II. JURISDICTION AND VENUE

9. The Superior Court of Washington has jurisdiction over this case under RCW 2.08.010 and RCW 4.92.090.

10. The Superior Court of Washington has personal jurisdiction over Costco because Costco is a Washington corporation with its principal place of business at 999 Lake Drive, Issaquah, Washington 98027, and because the conduct at issue—the creation, approval, scheduling, and initiation of the unlawful email campaigns—occurred in Washington.

11. Venue is proper in King County pursuant to RCW 4.12.020 and RCW 4.12.025 because Costco resides and transacts business in this county, including at its Issaquah headquarters located within King County, and because the acts giving rise to Named Plaintiffs' claims occurred in this county.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

## III. PARTIES

12. Named Plaintiff Tracy Jay ("Plaintiff Jay") is a natural person currently residing in Baltimore, Maryland.

13. Named Plaintiff Caleb Cooper ("Plaintiff Cooper") is a natural person currently residing in Carmel, Indiana.

14. Plaintiffs Jay and Cooper are collectively referred to herein as "Named Plaintiffs."

15. Defendant Costco Wholesale Corporation is a Washington corporation doing business within this state and with its principal place of business located at 999 Lake Drive, Issaquah, Washington 98027. Costco may be served through its resident agent, John Sullivan, at 999 Lake Drive, Issaquah, Washington 98027.

## IV. FACTUAL ALLEGATIONS

### a. The Anti-Spam Statutes prohibit initiating or conspiring to initiate the transmission of commercial emails with false or misleading information in the subject lines.

16. CEMA provides that "[n]o person may initiate the transmission, conspire with another to initiate the transmission, or assist the transmission, of a commercial electronic mail message from a computer located in Washington or to an electronic mail address that the sender knows, or has reason to know, is held by a Washington resident that: . . . (b) [c]ontains false or misleading information in the subject line." RCW 19.190.020(1).

17. CEMA's territorial reach thus extends to any commercial email initiated "from a computer located in Washington," regardless of where the recipient resides.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

18. Under CEMA, "[i]nitiate the transmission" "refers to the action by the original sender of an electronic mail message . . . not to the action by any intervening interactive computer service or wireless network that may handle or retransmit the message." RCW 19.190.010.

19. A violation of CEMA is a matter "vitally affecting the public interest for the purpose of applying the consumer protection act" and "is not reasonable in relation to the development and preservation of business and is an unfair or deceptive act in trade or commerce and an unfair method of competition for the purpose of applying the consumer protection act." RCW 19.190.030.

20. The Washington Supreme Court has held that a recipient of a message that violates CEMA is injured for purposes of the CPA without any showing of injury beyond the violation itself. *See Wright v. Lyft, Inc.*, 189 Wn.2d 718, 406 P.3d 1149 (2017). The Washington Supreme Court has further recognized that subject lines indicating that a sale is coming to an end, when the sale is not in fact coming to an end, violate CEMA. *See Brown v. Old Navy, LLC*, 4 Wash. 3d 580 (2025).

21. MCEMA prohibits initiating the transmission of commercial electronic mail to an electronic mail address the sender knows or should have known is held by a Maryland resident where the email "[c]ontains false or misleading information in the subject line that has the capacity, tendency, or effect of deceiving the recipient." Md. Code Ann., Com. Law § 14-3002(b). MCEMA creates a private right of action with damages of the greater of $500 per email or actual damages, plus reasonable attorneys' fees. *Id.* § 14-3003.

22. ICEMA prohibits a person from initiating or assisting in the transmission of a commercial electronic mail message that contains false or misleading information in the subject line to an electronic mail address that the sender knows, or has reason to know, is held by a resident


**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

of Indiana. Ind. Code Ann. § 24-5-22-7. ICEMA entitles a prevailing plaintiff to presumptive damages of $500 for each violating message, plus reasonable attorneys' fees and litigation costs. *Id.* § 24-5-22-10.

23. An injury occurs under the Anti-Spam Statutes any time a commercial email is transmitted that contains false or misleading information in the subject line.

24. Under each of the Anti-Spam Statutes, it is irrelevant that the commercial emails were solicited by the recipients.

25. Each of the Anti-Spam Statutes creates an independent, standalone cause of action.

**b. Costco initiated the transmission of commercial emails with false or misleading subject lines from computers located in Washington.**

26. Costco initiated (or conspired to initiate) the transmission of many commercial emails with false or misleading subject lines. The emails were electronic mail messages, in that they were each an electronic message sent to an electronic mail address; the emails from Costco also referred to an internet domain, whether or not displayed, to which an electronic mail message can or could be sent or delivered. Costco sent the emails for the purpose of promoting its goods for sale, and the emails were sent at Costco's direction and were approved by Costco.

27. On information and belief, Costco's marketing operation is headquartered at, and directed from, its corporate campus in Issaquah, Washington. Costco's corporate marketing department—including the personnel who conceive, design, draft, approve, schedule, and trigger Costco's email marketing campaigns—is located at Costco's Issaquah, Washington headquarters, as is Costco's information technology organization.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

28. On information and belief, the computers used by Costco personnel to create, approve, schedule, and initiate the transmission of the False Urgency Emails are located in Washington.

29. To the extent Costco employs third-party email service providers or platforms to handle or retransmit its marketing emails, the actions of such intervening providers are irrelevant to the identity and location of the initiator under CEMA. RCW 19.190.010. Costco—not any intervening service provider—is the original sender that initiated the transmission of the False Urgency Emails, and Costco initiated those transmissions from Washington.

### c. Costco's False Urgency Emails

30. Costco's emails frequently advertise the limited-time nature of sales, discounts, and prices. For example, Costco sends emails indicating that a promotion "ENDS TODAY," that it is the recipient's "LAST DAY" to obtain the deal, or that a deal is available for a stated window "only." In reality, and by design, the deal does not actually end when represented. Costco continues, repeats, or expressly extends the same promotion after the represented end date.

31. These promotions are not continued or extended because of remaining inventory or because Costco employees decided at the last minute that the promotion should be continued. Rather, the promotions continue beyond the represented end date because Costco planned for the sale to continue beyond that date.

32. Instead of drafting and sending marketing emails on the same day, sophisticated companies like Costco carefully plan and schedule emails in advance. Email marketers first schedule a plan well ahead of sending an individual email. On a typically yearly and quarterly basis, they plan product launches, holidays, and seasonal events.[1] They then draft emails in

[1] Benchmark, *Seasonal Campaigns Made Easy: How to Pre-Schedule Your Entire Year's Worth of Emails*, available at https://www.benchmarkemail.com/blog/seasonal-email-campaigns/ (last accessed June 26, 2026).



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

advance and use automation features to schedule emails.[2] "Most email marketing platforms offer robust automation features, making scheduling emails easy and efficient."[3] The delivery of each email is timed not just by day but by time as well. Retail companies like Costco know that "emails often perform best when they arrive in the recipient's inbox during the late morning or early afternoon, especially on Thursdays through Saturdays."[4]

33. These False Urgency Emails have the capacity, tendency, or effect of deceiving consumers into believing that it is their last chance to obtain a particular promotion. By stating that a sale is ending at a specific time, Costco suggests an offer's rarity or urgency, stimulating consumers' desire to get the deal before it's gone while simultaneously inducing fear of missing a good buy.

34. The FTC has recognized that a common method of "manipulat[ing] consumer choice by inducing false beliefs" is creating a false sense of urgency that a consumer's time to act is limited.[5] The FTC has stated that such "False Limited Time Message[s]" create "pressure to buy immediately by saying the offer is good only for a limited time or that the deal ends soon—but without a deadline or with a meaningless deadline that just resets when reached."[6] These messages are psychologically effective: there is "considerable evidence" that "consumers react to scarcity and divert their attention to information where they might miss opportunities."[7] Research likewise

---

[2] *Id.*
[3] *Id.*
[4] Mailchimp, *What Is the Best Time to Send a Marketing Email Blast?*, available at https://mailchimp.com/resources/insights-from-mailchimps-send-time-optimization-system/ (last accessed June 26, 2026).
[5] Fed. Trade Comm'n, *Bringing Dark Patterns to Light*, at 4 (2022) ("Bringing Dark Patterns to Light"), https://perma.cc/847M-EY69/; see also U.K. Competition & Mkts. Auth., *Online Choice Architecture—How Digital Design Can Harm Competition and Consumers*, at 26 (2022) ("Online Choice Architecture"), https://perma.cc/V848-7TVV/.
[6] Bringing Dark Patterns to Light at 22.
[7] Online Choice Architecture at 26.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

shows that emails conveying urgency in the subject line have higher open rates than emails without such subject lines.[8]

35. False time scarcity claims thus have the capacity or tendency to deceive consumers by making them think that they have to act now or they will miss the opportunity to get the deal. Costco uses this tactic to induce customers to purchase its products based on fear of missing a good deal, and not genuine desire to purchase the products.

36. Costco likely would not use this marketing tactic, or at least would use it less frequently, if it were not successful in generating sales. Costco's frequent use of this tactic suggests discovery will show that Costco has conducted A/B testing of these email subject lines and determined that this tactic increases sales, which in turn will show that representations of fact in an email subject line regarding the expiration or extension of limited-time promotions are among the type of facts consumers would depend on in making their consumer decisions. *See Brown v. Old Navy, LLC*, 4 Wash. 3d 580 (2025).

37. In each instance identified herein, the subject line conveys an objective statement of fact that is materially (and objectively) false or misleading, in the sense that a significant number of unsophisticated consumers would attach importance to the information in the subject line in determining a choice of action. *See, e.g., Brown v. Old Navy, LLC*, 4 Wash. 3d 580, 596 (2025) (finding that "representations of fact [in email subject lines]—***like the duration or availability of a promotion***, its terms and nature, the cost of goods, and other facts" are statements that consumers "would depend on in making their consumer decisions") (emphasis added). A non-exhaustive list of examples of unlawful subject lines is set forth below. The subject lines are reproduced verbatim.

---

[8] *See* Urgency Emails: An All-Inclusive Guide For Marketers To Drive Maximum Conversions, https://email.uplers.com/blog/complete-guide-to-urgency-emails/.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

Discovery will show additional emails Costco sent to Named Plaintiffs and the Class and Subclasses.

**d. The False Urgency Emails sent to Plaintiff Jay**

38. At all times relevant to this Complaint, Plaintiff Jay resided in Maryland. Plaintiff Jay maintains a Costco membership and receives Costco's marketing emails at her Gmail address, at which she has received Costco marketing emails since at least November 2023. Costco knows, or has reason to know, that Plaintiff Jay's email address is held by a Maryland resident because Costco's membership and account records reflect her home address in the State of Maryland. Plaintiff Jay received and read the subject lines of each of the False Urgency Emails identified below at or around the time they were sent.

39. Costco sent Plaintiff Jay numerous False Urgency Emails whose subject lines represented that a promotion would end at a specified time, when in fact Costco continued, repeated, or offered the identical promotion after the represented end date, as demonstrated by Costco's own later emails.

40. On November 28, 2023, Costco sent an email with the subject line: "Holiday Savings Come to an End - Tomorrow! Shop Before They're Gone!" The next day, on November 29, 2023, Costco doubled down on its assertion that the deals were ending, and sent an email with the subject line: "ENDS TODAY! Holiday Appliance Savings Event." Many of the deals that were represented as ending "TODAY" did not, in fact, end that day. For example, Costco advertised a "Samsung 5.0 cu. ft. Top Load Washer with Super Speed and 7.4 cu. ft. Dryer with Steam Sanitize+" at $750 off in both its November 28, 2023 "Holiday Savings Come to an End - Tomorrow!" email and its November 29, 2023 "ENDS TODAY!" email (tagged "Ends Today,



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

11/29/23"). Costco then offered the identical Samsung washer/dryer combo at the identical $750 discount eleven days later on December 10, 2023.

41. The following exhibit illustrates that the deals that were represented as coming to and end on November 29, 2023, did not, in fact, come to an end.

| ***Deals from the body of the Nov. 28 email*** | ***Deals from the body of the Nov. 29 email*** | ***Deals from the body of the Dec. 10 and Dec. 14 email*** |
|---|---|---|
| **Ends Tomorrow, 11/29/23!**<br>Samsung 5.0 cu. ft. Top Load Washer with Super Speed and 7.4 cu. ft. Dryer with Steam Sanitize+<br>**$750 OFF** | **Ends Today, 11/29/23!**<br>Samsung 5.0 cu. ft. Top Load Washer with Super Speed and 7.4 cu. ft. Dryer with Steam Sanitize+<br>**$750 OFF** | Samsung 5.0 cu. ft. Top Load Washer with Super Speed and 7.4 cu. ft. Dryer with Steam Sanitize+<br>**$750 OFF** |
| | Dyson V15 Detect Total Clean Extra Cordless Stick Vacuum<br>**$200 OFF** | Dyson V15 Detect Total Clean Extra Cordless Stick Vacuum<br>**$200 OFF** |
| | Whirlpool 19.2 cu. ft. Counter Depth 4 Door Refrigerator with Easy Shelves<br>**$1,050 OFF** | Whirlpool 19.2 cu. ft. Counter Depth 4-Door Refrigerator with Easy Shelves, Stainless Steel<br>**$1,050 OFF** |

42. Plaintiff Jay continues to receive emails from Costco. Because Plaintiff Jay deleted some of the emails she received from Costco before this lawsuit was initiated, she is not presently able to identify all of the False Urgency Emails she received. Costco is aware of all the emails it



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

has sent Plaintiff Jay, and discovery will show the full number of emails Costco has sent throughout the relevant time period.

**e. <u>The False Urgency Emails sent to Plaintiff Cooper</u>**

43. At all times relevant to this Complaint, Plaintiff Cooper resided in Carmel, Indiana. Plaintiff Cooper maintains a Costco membership and/or online account reflecting his home address in the State of Indiana and receives Costco's marketing emails. Costco knows, or has reason to know, that Plaintiff Cooper's email address is held by an Indiana resident. Plaintiff Cooper received and read the subject lines of the False Urgency Emails identified below at or around the time they were sent.

44. On or around May 4, 2025, Plaintiff received an email from Costco with the following subject line: "LAST DAY of Member-Only Savings In-Warehouse & Online!" Upon opening the email, Plaintiff learned that the members-only savings were not, in fact, ending that day; the same savings continued to be offered after May 4, 2025.

45. On or around May 12, 2025, Plaintiff received an email from Costco with the following subject line: "Hot Buys Start Now - 5 Days Only! In fact, at least one item included in the advertised sale was offered at the same sale price at least eight days earlier, and the sale remained available longer than the five days represented in the subject line.

46. Plaintiff Cooper continues to receive emails from Costco. Because Plaintiff Cooper deleted some of the emails he received from Costco before this lawsuit was initiated, he is not presently able to identify all of the False Urgency Emails he received. Costco is aware of all the emails it has sent Plaintiff Cooper, and discovery will show the full number of emails Costco has sent throughout the relevant time period.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

**f. Costco knew its subject-line representations were false**

47. Costco knew, or acted with reckless disregard of the fact, that the information in the subject lines of the False Urgency Emails was false or misleading, because (a) Costco itself scheduled the same promotions and products to continue and recur after the represented end dates; (b) Costco's own follow-up emails admitted that the promotions represented as ending remained available, including through subject lines announcing that offers had continued beyond the represented end date; and (c) Costco repeated the same false-deadline device across successive dates and seasons.

48. By making these representations of material fact in the subject lines of the challenged emails, Costco intended to deceive consumers.

**g. Costco knows, or has reason to know, the state of residence of its email recipients.**

49. Costco knows, or has reason to know, the state of residence of its email recipients, including Maryland Subclass members and Indiana Subclass members.

50. Costco is a membership warehouse club. To shop at Costco, a consumer must generally purchase and maintain a membership, and Costco collects and retains membership records that include the member's name and physical address, which Costco associates with the member's email address.

51. For any person who places an order on Costco.com, Costco associates an email address with a shipping address and/or billing address for that order. Costco also encourages online shoppers to create online accounts storing shipping addresses, billing addresses, and phone numbers.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

52. On information and belief, Costco employs methods to track the effectiveness of its marketing emails and to identify the physical location of recipients who interact with them, including by gathering geocoordinates and IP-address data, and employs third parties who maintain profiles of customers including email address and physical location. Costco also utilizes cookies, pixels, and other online tracking technologies—such as the Meta Pixel and tracking technologies provided by other third parties—to identify and locate the consumers who click on links in its marketing emails and who visit its website.

53. In addition, information concerning the residency of Named Plaintiffs and members of the Class is (and was) available on request from the registrant of the Internet domain name contained in Named Plaintiffs' and Class members' electronic mail addresses.

54. Costco had reason to believe that all individuals (a) with a Maryland-based area code, including 240, 301, 410, 443, or 667, and (b) who signed up to receive Costco emails at, or made purchases at, a Costco warehouse located within Maryland, were residents of Maryland at the time the False Urgency Emails were sent. Costco likewise had reason to believe that all individuals (a) with an Indiana-based area code, including 219, 260, 317, 463, 574, 765, 812, or 930, and (b) who signed up to receive Costco emails at, or made purchases at, a Costco warehouse located within Indiana, were residents of Indiana at the time the False Urgency Emails were sent.

55. Discovery will show that, at the time it sent the False Urgency Emails, Costco had access to the data described above regarding the location of the consumers to whom it sent the emails, and therefore Costco knew or should have known, at the time it sent each False Urgency Email, which recipients—including Named Plaintiffs and Class members—resided in Maryland or Indiana.


**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

56. Named Plaintiffs continue to receive emails from Costco. Costco is aware of all the emails it has sent Named Plaintiffs, and discovery will show the full number of emails Costco has sent throughout the relevant time period.

## V. CLASS ACTION ALLEGATIONS

57. Named Plaintiffs bring this action, individually and as a class action pursuant to CR 23(a) and 23(b)(3), on behalf of the following Class and Subclasses:

**Nationwide Class**

> All residents of the United States, excluding residents of Washington, to whom Costco sent, within four years before the date of the filing of this complaint until the date of trial, an email with a subject line that states or implies that a particular promotion will end at a specified time, when the promotion continues beyond the specified end time.

**Maryland Subclass**

> All Maryland residents to whom Costco sent, within three years before the date of the filing of this complaint until the date of trial, an email with a subject line that states or implies that a particular promotion will end at a specified time, when the promotion continues beyond the specified end time.

**Indiana Subclass**

> All Indiana residents to whom Costco sent, within two years before the date of the filing of this complaint until the date of trial, an email with a subject line that states or implies that a particular promotion will end at a specified time, when the promotion continues beyond the specified end time.

58. The Nationwide Class, the Maryland Subclass, and the Indiana Subclass are collectively referred to as the "Class and Subclasses." Excluded from the Class and Subclasses are Defendant, Defendant's affiliates, employees, officers and directors, any residents of Washington, and the judicial officers to whom this case is assigned.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

59. Named Plaintiffs Jay ad Cooper seek to represent the Nationwide Class. Named Plaintiff Jay seeks to represent the Maryland Subclass. Named Plaintiff Cooper seeks to represent the Indiana Subclass.

60. Members of the Class and Subclasses are identifiable from Costco's records, including its email distribution lists, membership records, and customer address data. Named Plaintiffs are members of the respective Class and Subclasses they seek to represent.

61. **Numerosity.** The Nationwide Class, the Maryland Subclass, and the Indiana Subclass each consist, at a minimum, of thousands of consumers and are so numerous that joinder of all members is clearly impracticable.

62. **Commonality.** There are questions of law and fact which are not only common to the Class and Subclasses, but which predominate over any questions affecting only individual members, including:

a. whether the emails Costco sent to the Class were commercial electronic mail messages under CEMA, MCEMA, and ICEMA;

b. whether Costco initiated the transmission of the emails from computers located in Washington;

c. whether the subject lines of the emails contained false or misleading information that has the capacity, tendency, or effect of deceiving the recipient;

d. whether Costco knew or had reason to know that the subject-line representations were false or misleading;

e. whether Costco's violations of CEMA constitute *per se* violations of the Washington CPA;



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

f. whether Costco knew or should have known that Maryland Subclass members were Maryland residents and Indiana Subclass members were Indiana residents;

g. whether Costco is subject to the statutory penalties set forth in CEMA, MCEMA, and ICEMA for each violating email;

h. whether Named Plaintiffs and the Class are entitled to injunctive relief; and

i. the nature and extent of Class-wide injury and the proper measure of liquidated and statutory damages.

63. **Typicality.** Named Plaintiffs' claims are typical of the claims of the respective Class and Subclasses they seek to represent and are based on and arise out of the same course of conduct by Defendant and the same legal theories.

64. **Adequacy.** Named Plaintiffs will fairly and adequately protect the interests of the Class and Subclasses. Named Plaintiffs are committed to vigorously litigating this matter and have secured counsel experienced in handling consumer class actions and complex consumer litigation. Neither Named Plaintiffs nor their counsel has any interests that might cause them not to vigorously pursue this claim.

65. **Predominance.** The common questions of law and fact enumerated above predominate over any questions affecting only individual members of the Class and Subclasses, because Costco's liability turns on standardized, uniform conduct—the transmission of materially false or misleading subject lines as part of a centrally planned and scheduled marketing program—that applies in common to all Class members. CR 23(b)(3).

66. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy. CR 23(b)(3). The likelihood that individual members of the proposed Class and Subclasses will prosecute separate actions is remote due to the time and



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

expense necessary to conduct such litigation and because each individual claim involves a relatively small amount. The prosecution of separate actions would also create a risk of inconsistent adjudications. Counsel for Named Plaintiffs and the proposed Class and Subclasses foresees little difficulty in the management of this case as a class action.

## VI. CAUSES OF ACTION

### COUNT ONE
### VIOLATION OF THE WASHINGTON COMMERCIAL ELECTRONIC MAIL ACT, RCW 19.190 *ET SEQ.*
### (On Behalf of Named Plaintiffs Jay and Cooper and the Nationwide Class)

67. Named Plaintiffs Jay and Cooper re-allege and incorporate by reference each of the foregoing paragraphs as if fully set forth herein, and further allege:

68. The False Urgency Emails, and all other emails Costco sent containing false or misleading information in the subject lines, are "commercial electronic mail message[s]" under RCW 19.190.010, as each was sent for the purpose of promoting real property, goods, or services for sale or lease.

69. Costco is a "person" within the meaning of CEMA, RCW 19.190.010.

70. Costco initiated the transmission of the False Urgency Emails, conspired with another to initiate the transmission, or assisted in the transmission, within the meaning of RCW 19.190.020(1). Costco is the original sender of the False Urgency Emails; the actions of any intervening email service provider that handled or retransmitted the messages are irrelevant under RCW 19.190.010.

71. Costco initiated the transmission of the False Urgency Emails from computers located in Washington. Because the Nationwide Class consists of recipients residing outside Washington, Named Plaintiffs' and the Nationwide Class's CEMA claims rest on the "from a computer located in Washington" prong of RCW 19.190.020(1).



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

72. The subject lines of the False Urgency Emails contained false or misleading information, in the manner described above.

73. Each False Urgency Email had the capacity, tendency, or effect of deceiving the recipient into believing the promotion was ending on the date or at the time specifically identified in the subject line, when the promotion was always planned to continue, and did continue, beyond that represented date or time.

74. Costco knew, or had reason to know, that the information in the subject lines was false or misleading, as demonstrated by, among other things, Costco's own follow-up emails admitting that the promotions represented as ending remained available, and by Costco's own scheduling of the promotions to continue beyond the represented end dates.

75. By sending the False Urgency Emails, Costco intended to deceive the recipients about the true end date of its sales.

76. Under CEMA, it is irrelevant that the aforementioned emails were solicited.

77. Costco's sending of each False Urgency Email is a discrete violation of RCW 19.190.020(1)(b).

78. Named Plaintiffs and Nationwide Class members are entitled to liquidated damages of $100 for each email transmitted in violation of CEMA pursuant to RCW 19.190.040.

## COUNT TWO
## VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86 *ET SEQ.*
## (On Behalf of Named Plaintiffs Jay and Cooper and the Nationwide Class)

79. Named Plaintiffs Jay and Cooper re-allege and incorporate by reference each of the foregoing paragraphs as if fully set forth herein, and further allege:


**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

80. Named Plaintiffs and Nationwide Class members are "persons" within the meaning of the CPA, RCW 19.86.010.

81. Costco violated CEMA by initiating the transmission, from computers located in Washington, of commercial electronic mail messages containing false or misleading information in the subject line to Named Plaintiffs and members of the Nationwide Class.

82. A violation of CEMA is a *per se* violation of the Washington CPA. RCW 19.190.030; *see Brown v. Old Navy, LLC*, 4 Wash. 3d 580 (2025). A violation of CEMA establishes all five elements of the Washington CPA as a matter of law.

83. Costco's violations of CEMA constitute unfair or deceptive acts or practices in the conduct of trade or commerce, and *per se* matters vitally affecting the public interest, for purposes of the CPA. RCW 19.190.030.

84. Independently, Costco's transmission of emails with false and misleading subject lines constitutes an unfair or deceptive act or practice in the conduct of trade or commerce, occurring in Washington and emanating from Washington, that has the capacity to deceive a substantial portion of the public.

85. Costco's conduct impacts the public interest: the False Urgency Emails were sent to thousands of consumers as part of a standardized, ongoing marketing program directed from Washington. Costco engaged in a pattern and practice of violating CEMA.

86. Named Plaintiffs and Nationwide Class members were injured by Costco's violations. Pursuant to RCW 19.190.040, damages to each recipient of a commercial electronic mail message sent in violation of CEMA are the greater of the statutory liquidated amount or actual damages, which establishes the injury and causation elements of a CPA claim as a matter of law. Receipt of a message that violates CEMA constitutes injury under the CPA without any showing



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

of additional harm. *Wright v. Lyft, Inc.*, 189 Wn.2d 718 (2017). Named Plaintiffs and Class members do not allege, and need not allege, any injury beyond receipt of the unlawful messages themselves.

87. As a result of Costco's acts and omissions, Named Plaintiffs and Nationwide Class members are entitled to recover the liquidated damages established by RCW 19.190.040 ($100 per email), and treble damages as the Court may allow, together with costs and reasonable attorneys' fees, pursuant to RCW 19.86.090.

## COUNT THREE
## VIOLATION OF THE MARYLAND COMMERCIAL ELECTRONIC MAIL ACT, MD. CODE ANN., COM. LAW §§ 14-3001 *ET SEQ.*
## (On Behalf of Named Plaintiff Jay and the Maryland Subclass)

88. Named Plaintiff Jay re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein, and further alleges:

89. MCEMA § 14-3001 defines "Commercial Electronic Mail" as "electronic mail that advertises real property, goods, or services for sale or lease."

90. The False Urgency Emails are "Commercial Electronic Mail," as the purpose of each was to advertise goods or services for sale.

91. MCEMA § 14-3002(b) prohibits a person from initiating the transmission of commercial electronic mail that "is sent to an electronic mail address that the sender knows or should have known is held by a resident of the State" and "[c]ontains false or misleading information in the subject line that has the capacity, tendency, or effect of deceiving the recipient."

92. Costco is the person that initiated the transmission of the False Urgency Emails to Plaintiff Jay and members of the Maryland Subclass.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

93. MCEMA § 14-3002(c) provides that "[a] person is presumed to know that the intended recipient of commercial electronic mail is a resident of the State if the information is available on request from the registrant of the Internet domain name contained in the recipient's electronic mail address."

94. Information concerning the residency of Plaintiff Jay and members of the Maryland Subclass is (and was) available on request from the registrant of the Internet domain name contained in their electronic mail addresses.

95. Plaintiff Jay and members of the Maryland Subclass provided Costco with membership, shipping, and/or billing information, including phone numbers, reflecting their Maryland residency, and created online accounts storing such information, and Costco had access to that data at the time it sent the False Urgency Emails.

96. Costco had reason to believe that all individuals (a) with a Maryland-based area code, including 240, 301, 410, 443, or 667, and (b) who signed up to receive Costco emails at, or made purchases at, a Costco warehouse located within Maryland, were residents of Maryland at the time the False Urgency Emails were sent.

97. Plaintiff Jay and members of the Maryland Subclass are and were, in fact, residents of Maryland at the time Costco transmitted the False Urgency Emails, and were the intended recipients of those emails.

98. Costco knew or should have known that Plaintiff Jay and members of the Maryland Subclass, the intended recipients of the aforementioned emails, were residents of the State of Maryland when Costco sent the emails.

99. Under MCEMA, it is irrelevant that the False Urgency Emails were solicited.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

100. In violation of MCEMA § 14-3002(b), the subject lines of the False Urgency Emails contained false or misleading information that has the capacity, tendency, or effect of deceiving the recipient, in the ways described above.

101. Costco knew the information in the subject lines was false or misleading for the reasons set forth herein, and by making the false and/or misleading representations of material fact in the subject lines of the challenged emails, Costco intended to deceive consumers.

102. Costco's sending of each False Urgency Email, and any other email with false or misleading information in the subject line, is a discrete violation of MCEMA § 14-3002. Pursuant to MCEMA § 14-3003, Plaintiff Jay and members of the Maryland Subclass are entitled to damages in the amount of $500 per email, plus reasonable attorneys' fees.

## COUNT FOUR
## VIOLATION OF INDIANA'S DECEPTIVE COMMERCIAL ELECTRONIC MAIL ACT, IND. CODE ANN. § 24-5-22-1 *ET SEQ*.
## (On Behalf of Named Plaintiff Cooper and the Indiana Subclass)

103. Named Plaintiff Cooper re-alleges and incorporates by reference each of the foregoing paragraphs as if fully set forth herein, and further alleges:

104. Ind. Code Ann. § 24-5-22-2 defines "commercial electronic mail message" as "an electronic mail message sent to promote the sale or lease of real property, goods, or services."

105. The False Urgency Emails were "commercial electronic mail messages," as the purpose of each was to promote goods or services for sale.

106. Ind. Code Ann. § 24-5-22-7 prohibits a person from initiating or assisting the transmission of a commercial electronic mail message that contains false or misleading information in the subject line "to an electronic mail address that the sender: (A) knows; or (B) has reason to know; is held by a resident of Indiana."


**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

107. Costco is the person that initiated the transmission of the False Urgency Emails to Plaintiff Cooper and members of the Indiana Subclass.

108. Ind. Code Ann. § 24-5-22-7 provides that "a person knows that the intended recipient of a commercial electronic mail message is an Indiana resident if that information is available, upon request, from the registrant of the Internet domain name contained in the recipient's electronic mail address."

109. Information concerning the residency of Plaintiff Cooper and members of the Indiana Subclass is (and was) available on request from the registrant of the Internet domain name contained in their electronic mail addresses.

110. Plaintiff Cooper and members of the Indiana Subclass provided Costco with membership, shipping, and/or billing information, including phone numbers, reflecting their Indiana residency, and created online accounts storing such information, and Costco had access to that data at the time it sent the False Urgency Emails.

111. Costco had reason to believe that all individuals (a) with an Indiana-based area code, including 219, 260, 317, 463, 574, 765, 812, and 930, and (b) who signed up to receive Costco emails at, or made purchases at, a Costco warehouse located within Indiana, were residents of Indiana at the time the False Urgency Emails were sent.

112. Plaintiff Cooper and members of the Indiana Subclass are and were, in fact, residents of Indiana at the time Costco transmitted the False Urgency Emails, and were the intended recipients of those emails.

113. Costco knew or should have known that Plaintiff Cooper and members of the Indiana Subclass, the intended recipients of the aforementioned emails, were residents of the State of Indiana when Costco sent the emails.



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

114. Under ICEMA, it is irrelevant that the False Urgency Emails were solicited.

115. In violation of Ind. Code Ann. § 24-5-22-7, the subject lines of the False Urgency Emails contained false or misleading information, in the ways described above, each of which had the capacity of deceiving the recipient.

116. Costco knew the information in the subject lines was false or misleading for the reasons set forth herein, and by making the false and/or misleading representations of material fact in the subject lines of the challenged emails, Costco intended to deceive consumers.

117. Pursuant to Ind. Code Ann. § 24-5-22-10, Plaintiff Cooper and members of the Indiana Subclass are entitled to presumptive damages of $500 for each commercial electronic mail message that violates the chapter and that Costco sent to them, plus reasonable attorneys' fees and other litigation costs reasonably incurred in connection with the action. Costco's sending of each False Urgency Email is a discrete violation of Ind. Code Ann. § 24-5-22-10.

## VII. PRAYER FOR RELIEF

WHEREFORE, Named Plaintiffs respectfully pray for judgment as follows:

118. An order assuming jurisdiction of this case;

119. An order certifying the Nationwide Class, the Maryland Subclass, and the Indiana Subclass under CR 23(a) and (b)(3);

120. An order appointing Named Plaintiffs Jay and Cooper as representatives of the Nationwide Class, Named Plaintiff Jay as representative of the Maryland Subclass, and Named Plaintiff Cooper as representative of the Indiana Subclass, and appointing undersigned counsel as Class counsel;



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

121. An award to Named Plaintiffs and the Nationwide Class of liquidated damages pursuant to RCW 19.190.040, as amended ($100 per email), for each email transmitted in violation of CEMA, together with treble damages as the Court may allow pursuant to RCW 19.86.090;

122. An award to Named Plaintiff Jay and the Maryland Subclass of statutory damages in the amount of $500 per email pursuant to MCEMA § 14-3003;

123. An award to Named Plaintiff Cooper and the Indiana Subclass of presumptive damages of $500 per email pursuant to Ind. Code Ann. § 24-5-22-10;

124. An order granting injunctive relief enjoining Costco from initiating the transmission of commercial electronic mail messages containing false or misleading information in the subject line, and from otherwise engaging in the unlawful practices described herein;

125. An order ensuring that Defendant is restrained from altering, deleting, or destroying any documents or records that could be used to identify members of the Class;

126. An award of costs and reasonable attorneys' fees pursuant to RCW 19.86.090, MCEMA § 14-3003, and Ind. Code Ann. § 24-5-22-10;

127. An award of pre-judgment and post-judgment interest on all sums awarded to Named Plaintiffs and the members of the Class; and

128. Such other and further relief as the Court deems just and proper.

## VIII. Demand for Jury Trial

Named Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

Dated: July 13, 2026

**/s/ Jeffrey C. Toppe**
Jeffrey C. Toppe, Esq., WSBA No. 65222



**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011

**The Toppe Firm, LLC**
4900 O'Hear Avenue, Ste. 100
North Charleston, SC 29405
(323) 909-2011
jct@toppefirm.com

Tyler B. Ewigleben* (*pro hac vice* forthcoming)
**JENNINGS & EARLEY PLLC**
500 President Clinton Avenue, Suite 110
Little Rock, Arkansas 72201
Telephone: (501) 255-8569
tyler@jefirm.com

***Attorneys for Plaintiffs***